UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ABDUL H. ABDULLAH,

                **Plaintiff,**

       - against -

28TH PRECINCT, ET AL.,

                **Defendants.**

_____

24-cv-124 (JGK)

Order

**John G. Koeltl, District Judge:**

On May 13, 2026, the Court issued a Memorandum Opinion and Order (the "May 13, 2026, Order") denying the pro se plaintiff's motion to reopen this case. See ECF No. 64. On May 22, 2026, the plaintiff filed a document containing his objections to the May 13, 2026, Order. See ECF No. 65. Because a filing by a pro se party must be construed liberally and interpreted "to raise the strongest arguments that it suggests," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), the plaintiff's filing is construed as a motion for reconsideration of the May 13, 2026, Order brought pursuant to Rule 6.3 of the Local Civil Rules of the Southern District of New York.

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected

to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Doe v. N.Y.C. Dep't of Soc. Servs.</u>, 709 F.2d 782, 789 (2d Cir. 1983). "A motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced." <u>Liberty Media Corp. v. Vivendi Universal, S.A.</u>, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012). Moreover, the "decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." <u>Vincent v. The Money Store</u>, No. 03-cv-2876, 2014 WL 1673375, at *1 (S.D.N.Y. Apr. 28, 2014).

The plaintiff has failed to identify any basis for reconsidering the May 13, 2026, Order. The plaintiff's motion seeks reconsideration on several grounds, including that "the Court may have misunderstood or insufficiently considered the basis upon which Plaintiff sought relief," and because "reopening [this case] would serve the interests of justice." ECF No. 65, at 3. However, the plaintiff has not identified any intervening change of controlling law, new evidence, or clear error that would warrant reconsideration.

The plaintiff's motion for reconsideration is therefore **denied**. The Clerk is respectfully requested to mail a copy of this Order to the plaintiff and to note mailing on the docket.

**SO ORDERED.**

**Dated:**    **New York, New York**
**May 27, 2026**

_____
**John G. Koeltl**
**United States District Judge**