UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ABDUL H. ABDULLAH,

                    Plaintiff,

          - against -

28TH PRECINCT, ET AL.,

                    Defendants.
_____

24-cv-124 (JGK)

**Memorandum
Opinion and Order**

**John G. Koeltl, District Judge:**

On May 13, 2026, the Court issued an order (the "May 13, 2026, Order") denying the pro se plaintiff's motion to reopen this case. See ECF No. 64. The plaintiff requested reconsideration of the May 13, 2026, Order, which the Court denied on May 27, 2026 (the "May 27, 2026, Order"). See ECF Nos. 65, 66. On May 29, 2026, the plaintiff filed a document, styled as another motion to reopen this case. ECF No. 67. Because the plaintiff is proceeding pro se, the Court will interpret the applications contained in the filing "to raise the strongest arguments that [they] suggest[]," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). For the reasons that follow, the plaintiff's various applications are **denied**.

The plaintiff first moves for reopening of this case pursuant to Federal Rule of Civil Procedure 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." The Clerk of Court entered judgment in this case on July 29, 2025, ECF No. 54, and the plaintiff filed the current motion nearly ten months

later. Because the motion was filed outside of the 28-day window, it is untimely.

In any event, the motion is without merit. To prevail on a motion brought pursuant to Federal Rule of Civil Procedure 59(e), the movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009); Padilla v. Maersk Line, Ltd., 636 F. Supp. 2d 256, 258–59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000); see also Quinones v. N.Y.C. Legal Police Dep't, No. 14-cv-6253, 2014 WL 6907581, at *1 (S.D.N.Y. Dec. 6, 2014). The plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The plaintiff's motion brought pursuant to Federal Rule of Civil Procedure 59(e) is therefore **denied**.

The plaintiff also moves pursuant to Federal Rule of Civil Procedure 60(b) "for relief from the judgment and/or orders entered in this matter." ECF No. 67, at 3. This motion is likewise without merit. Federal Rule of Civil Procedure 60(b) provides that a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Construing the plaintiff's motion liberally, the plaintiff has not offered a basis for relief under the first five clauses of the Rule. Nor has the plaintiff demonstrated that he is entitled to relief under the sixth clause. Under that clause, the movant must show that the motion was filed within a "reasonable time" and that "extraordinary circumstances [] warrant relief." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (internal quotation marks omitted). The plaintiff has not alleged any facts demonstrating that extraordinary circumstances warrant relief under Rule 60(b)(6). See Ackermann v. United States, 340 U.S. 193, 199–202 (1950); see also Quinones, 2014 WL 6907581, at *2. The plaintiff's motion brought pursuant to Federal Rule of Civil Procedure 60(b) is therefore **denied**.

The plaintiff also notes his objections "concerning prior findings, recommendations and/or orders entered in this matter," ECF No. 67, at 3, which the Court will interpret as a motion for reconsideration brought pursuant to Rule 6.3 of the Local Civil Rules of the Southern District of New York. As the Court has previously explained, reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011). "The standard for granting such a motion is strict, and

3

reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The plaintiff has not identified any basis for reconsideration of any of the Court's prior orders. The motion for reconsideration is therefore **denied**.

The plaintiff also moves "for recusal and/or reassignment in the interests of fairness and maintaining public confidence in the judicial process," ECF No. 67, at 4, which the Court will interpret as a motion for recusal of the undersigned brought pursuant to 28 U.S.C. § 455. As relevant here, 28 U.S.C. § 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," id. § 455(a), or in any case where "he has a personal bias or prejudice concerning a party," id. § 455(b)(1). In applying this statute, the Court must ask "whether an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal, or alternatively, whether a reasonable person, knowing all the facts, would question the judge's impartiality." Sharkey v. J.P. Morgan Chase & Co., 251 F. Supp. 3d 626, 629 (S.D.N.Y. 2017). The plaintiff has not identified any basis for disqualification of the undersigned pursuant to any subsection 28 U.S.C. § 455. The motion for disqualification is therefore **denied**.

The Court has considered all of the arguments raised by the plaintiff in his motion. To the extent not specifically addressed, those arguments are

4

either moot or without merit. For the foregoing reasons, the plaintiff's applications raised in ECF No. 67 are **denied**.

The Clerk is respectfully requested to close ECF No. 67. The Clerk is also requested to mail a copy of this Order to the plaintiff and to note mailing on the docket.

**SO ORDERED.**

Dated:     New York, New York
           June 5, 2026

                                    John G. Koeltl
                         United States District Judge

5